Case 4:25-cv-00076-TWP-KMB   Document 25-4   Filed 04/25/25   Page 1 of 14 PageID #: 56

Filed: 4/9/2025 3:14 PM
Clerk
Jennings County, Indiana

40D01-2504-CT-000010
Jennings Superior Court

| STATE OF INDIANA | ) | IN THE JENNINGS _____ COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF JENNINGS | ) | CAUSE NO.: _____ |

| | |
|---|---|
| THE ESTATE OF RACHEL BLAKE, Deceased, by JACOB WRIGHT, Personal Representative, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CITY OF NORTH VERNON, NORTH VERNON POLICE DEPARTMENT, JENNINGS COUNTY COMISSIONERS, JENNINGS COUNTY SHERIFF'S OFFICE, CHRIS ALLEN, in his individual capacity, ADAM DRIVER, in his individual capacity, BEN SEASTROM, in his individual capacity, and DYLAN SMOCK, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, The Estate of Rachel Blake, by Personal Representative, Jacob Wright, by counsel, in support of this Complaint for Damages against Defendants states as follows:

1. This action arises out of the shooting death of Rachel Blake caused by Sergeant Adam Driver and/or Officer Chris Allen of the North Vernon Police Department, and by Deputies Ben Seastrom and/or Dylan Smock of the Jennings County Sheriff's Office.

2. Plaintiff brings this action pursuant to the Indiana Wrongful Death Act, Ind. Code 34-23-1 *et seq.* and 42 U.S.C. § 1983. Plaintiff reserves the right to assert other and/or different legal theories.

7381338

3. Decedent, Rachel Blake (hereinafter "Decedent"), was at all times relevant hereto a resident of Jennings County, Indiana.

4. Decedent is survived by her son, who is a minor residing with his father, Jacob Wright.

5. Defendant City of North Vernon is a political subdivision of the State of Indiana.

6. Defendant North Vernon Police Department is the law enforcement agency operated and overseen by Defendant City of North Vernon.

7. Defendant Jennings County is a political subdivision of the State of Indiana.

8. Defendant Jennings County Sheriff's Office is a department of Defendant Jennings County with the powers and duties enumerated in Indiana Code 36-8-10-9.

9. At all times relevant, Defendant Adam Driver was a sergeant with the North Vernon Police Department and acting under the color of Indiana law.

10. At all times relevant, Defendant Chris Allen was an officer with the North Vernon Police Department and acting under the color of Indiana law.

11. At all times relevant, Defendant Ben Seastrom was a deputy with the Jennings County Sheriff's Office and acting under the color of Indiana law.

12. At all times relevant, Defendant Dylan Smock was a deputy with of the Jennings County Sheriff's Office and acting under the color of Indiana law.

13. On April 9, 2024, while residing at 25 Thomas Street, Apt. 3, North Vernon, Indiana, Decedent may have been experiencing mental health distress.

14. Upon information and belief, Defendants Allen and/or Driver responded to a non-emergency call made by a family member to the business office line of the North Vernon Police Department in an effort to seek police guidance or assistance with Decedent out of her concern

2

that she may not be taking her medications for her mental health condition. The family member wanted Decedent to see her doctor for mental health evaluation, which Decedent objected to. The family member purposefully did not dial 911 because she did not believe the matter to be an emergency. The family member did not believe that Decedent was a danger to herself, gravely disabled, or require immediate hospitalization. She merely wanted Decedent to see her doctor to be re-evaluated and to check her medication.

15. Upon information and belief, Defendant Allen and Defendant Driver responded to the family member's call and met her outside of Decedent's apartment. They attempted to speak with Decedent, but Decedent did not answer the door or respond.

16. Upon information and belief, during this call to the apartment premises, police unlawfully deviated from the main and usual walkway to the front apartment door and made unlawful threats that they would go and get a warrant and come back and arrest Decedent and put her in jail if she did not come out of the apartment.

17. Upon information and belief, Defendant Driver determined or concluded that there were insufficient facts to constitute exigent circumstances such that would permit them to make a lawful entry in lieu of a warrant. During their brief call to the premises, Defendants Allen and Driver did not observe Decedent.

18. Upon information and belief, Defendant Allen and Defendant Driver soon left the premises to respond to multiple other calls from dispatch. On information and belief, Defendant Allen and/or Defendant Driver informed the family member that they may return or, in the alternative, that the family member could call them back and that they would return.

19. Upon information and belief, after leaving the premises Defendant Allen decided to return to the apartment premises and detain Decedent for involuntary mental health evaluation.

During this time, Defendant Allen telephoned Defendant Deputy Seastrom and, together, they planned to obtain an apartment door key to facilitate warrantless entry and for deputies Seastrom and Smock to provide non-lethal (taser) back-up support Allen and Driver to making entry into the apartment.

20. Upon information and belief, Defendants Allen and Driver returned to the apartment premises, with the intention of seizing Decedent, approximately 45 minutes after their prior visit and proceeded to enter the apartment curtilage and attempt to engage with Decedent.

21. Upon information and belief, Defendant Allen and/or Driver began knocking on Decedent's door and walking about the apartment curtilage, departing from the main walkway to the front door, looking into her windows and threatening that they would enter if she did not come out. Defendants also checked whether the back door was unlocked.

22. On information and belief, Decedent objected to the Defendants' presence on her curtilage.

23. On information and belief, Jennings County Sheriff's Deputies, Defendants Ben Seastrom and Dylan Smock arrived soon thereafter.

24. Defendants Allen, Driver, Seastrom, and Smock entered Decedent's apartment curtilage and remained thereon with the intent to physically detain Decedent without a warrant, consent, or existing exigent circumstances.

25. Upon information and belief, Decedent had not threatened suicide and no other exigency existed justifying warrantless entry onto the curtilage or into the apartment.

26. Decedent did not give Defendants Allen, Driver, Seastrom, or Smock permission to enter her apartment without a warrant, nor is there implied consent to enter curtilage for the purpose of warrantless seizure.

27. Upon information and belief, Defendants attempted to enter Decedent's apartment by using a door key which they obtained from the apartment landlord. However, the key would not unlock the door, and, instead, Defendants forcibly kicked the door open and entered.

28. Upon information and belief, Decedent had retreated into the bathroom and locked the door. Defendants also forcibly kicked the bathroom door open and encountered Decedent sitting on the bathroom floor next to the bathtub, allegedly holding a knife and a stuffed animal in her right hand.

29. Upon information and belief, Defendants crowded into the bathroom and began yelling commands at Decedent to drop the knife. When Decedent did not drop the knife, Defendant Seastrom and Defendant Smock tased Decedent multiple times. In response, Decedent either stood up and retreated into the bathtub or she stumbled into the bathtub, and pulled the curtain.

30. Upon information and belief, Defendant Seastrom then opened the shower curtain and encountered Decedent laying on her back in the bathtub still holding the stuffed animal and the knife. Defendant Seastrom again yelled commands at Decedent to drop the knife and, if she didn't comply, he would bludgeon her with a golf club iron that he picked up in the bathroom.

31. Upon information and belief, Defendant Seastrom began battering Decedent, and in response, Decedent arose and began to step out of the bathtub, while, allegedly raising the knife, and Defendant Allen and Defendant Driver shot her dead.

32. Upon information and belief, at no time did the Defendants state the purpose of their violent intrusion into Decedent's home, thus denying Decedent the opportunity to voluntarily concede her Fourth Amendment rights to be free from unreasonable search and seizure.

5

7381338

33. Upon information and belief, Defendants City of North Vernon, North Vernon Police Department, Jennings County, and Jennings County Sheriff's Office failed to properly and adequately train and instruct its law enforcement officers with respect to proper procedures to implement when encountering and interacting with a citizen experiencing a mental health crisis who is not an immediate danger to herself or others.

34. Upon information and belief, Defendants City of North Vernon, North Vernon Police Department, Jennings County, and Jennings County Sheriff's Office failed to properly and adequately train and instruct its law enforcement officers with respect to the Fourth Amendment protections against unlawful, warrantless search and seizure upon private residences and curtilage.

35. Upon information and belief, Defendants City of North Vernon, North Vernon Police Department, Jennings County, and Jennings County Sheriff's Office failed to properly and adequately train and instruct its law enforcement officers with respect to unnecessarily provoking and creating the need to deploy the use of force.

36. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. the value of necessary and reasonable funeral and burial expenses for Decedent
   b. the loss of Decedent's parental affection, support, and companionship,
   c. conscious pain and suffering, and
   d. any other damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983 and 1988.

## COUNT I – VIOLATION OF DECEDENT'S CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983)

37. Plaintiff hereby incorporates all prior paragraphs as if set forth fully herein.

6

7381338

38. Decedent had a right to be free from any alteration to her life or liberty without due process of law as protected by the 14th Amendment and to be free from unreasonable search and seizure, illegal entry upon her curtilage and residence, unreasonable intrusion upon her bodily integrity, and the use of excessive force under the 4th Amendment to the United States Constitution.

39. No exigent circumstances existed to permit Defendants to return to Decedent's apartment premises and make warrantless, unlawful entry onto the curtilage of Decedent's home.

40. No exigent circumstances existed to permit a warrantless, unlawful entry of Decedent's home. Defendants may not unlawfully threaten Decedent or create exigency to justify entry.

41. Defendants Allen, Driver, Seastrom, and Smock either used excessive force, escalated, failed to de-escalate, or failed to intervene to prevent the use of excessive force when Decedent was outnumbered and at a safe distance and are liable for Decedent's damages.

42. The unjustified and unlawful use of force, including deadly force against Decedent by Defendants, including, but not limited to shooting Decedent multiple times at near point blank range in the torso and head, multiple tasing bursts, and bludgeoning with a golf club iron, depriving Decedent of her right to be secure in her person against unreasonable searches and seizures and excessive force as guaranteed to Decedent under the 4th Amendment.

43. Defendants City of North Vernon, North Vernon Police Department, Jennings County, and Jennings County Sheriff's Office violated Decedent's constitutional rights and are liable under *Monell* by committing the following acts, which include but are not limited to:

7381338

    a. Failing to develop and implement proper policies and procedures related to assessment of persons experiencing mental health distress in their home who do not pose an immediate danger to themselves or others;

    b. Failing to properly train their employees on how to appropriately respond to such calls and/or the procedure for involuntary commitment of individuals needing mental health treatment;

    c. Failing to properly train and instruct law enforcement officers with respect to the 4th Amendment protections against unlawful, warrantless entry and search and seizure upon private residences and curtilage; and

    d. Failing to properly train and instruct law enforcement officers to de-escalate and to avoid creating the need to use force.

44. As a direct and proximate result of each Defendant's conduct, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. the value of necessary and reasonable funeral and burial expenses for Decedent
    b. the loss of Decedent's parental affection, support, and companionship,
    c. conscious pain and suffering, and
    d. any other damages or penalties available by law, including attorney fees and costs under 42 U.S.C. §§ 1983 and 1988.

### COUNT II –CONSPIRACY AGAINST DECEDENT'S CONSTITUTIONAL RIGHTS (18 U.S.C. § 241) AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (18 U.S.C. § 242)

45. Plaintiff hereby incorporates all prior paragraphs as if set forth fully herein.

46. Prior to returning to Decedent's apartment, Defendants, under color of law, conspired, discussed, and planned their intention to make warrantless, unlawful entry upon Decedent's curtilage and unlawfully threaten and coerce her to exit the apartment to facilitate

their intention to seize her, or, in the alternative, Defendants would use the landlord's door key to make warrantless, unlawful entry into the apartment and seize Decedent.

47. Defendants acted upon this unlawful plan and deprived Decedent of her 4th Amendment rights to be free from unlawful search and seizure and excessive force. This wrongful and unconstitutional intention resulted in Defendants unlawfully and illegally first entering Decedent's curtilage, making unlawful threats to enter Decedent's apartment, creating exigency; and second, forcibly making unlawful and illegal entry, to trespass, into Decedent's home and commence to detain, tase, batter, and shoot Decedent without cause in violation of her 4th Amendment rights.

48. Defendants' conduct was a violation of both federal and state law and was a proximate cause of Decedent's death.

49. As a direct and proximate result of each Defendant's conduct, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. the value of necessary and reasonable funeral and burial expenses for Decedent
   b. the loss of Decedent's parental affection, support, and companionship,
   c. conscious pain and suffering, and
   d. any other damages or penalties available by law, including attorney fees and costs under 42 U.S.C. §§ 1983 and 1988.

### COUNT III –FALSE ARREST/FALSE IMPRISONMENT

50. Plaintiff hereby incorporates all prior paragraphs as if set forth fully herein.

51. Defendants, while working as police officers and acting within the course and scope of their duties, intentionally, and without her consent, deprived Decedent of her freedom of movement by the use of force, threats of force, menace, fraud, deceit, and unreasonable duress.

7381338

52. Defendants unlawfully detained Decedent while unlawfully trespassing on her curtilage and within her home.

53. The conduct, act, and/or omission of Defendants were a substantial factor in causing the harm of Decedent.

54. Defendant City of North Vernon and Defendant Jennings County are vicariously liable for the wrongful acts of Defendant officers, because they were acting under color of law and within the course and scope of their employment as officers for said entities.

55. The conduct of Defendant officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiff to an award of exemplary and punitive damages.

56. As a direct and proximate result of each Defendant's conduct, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. the value of necessary and reasonable funeral and burial expenses for Decedent
   b. the loss of Decedent's parental affection, support, and companionship,
   c. conscious pain and suffering, and
   d. any other damages or penalties available by law.

## COUNT IV–BATTERY

57. Plaintiff hereby incorporates all prior paragraphs as if set forth fully herein.

58. Defendants Seastrom and Smock, while trespassing in Decedent's home, unlawfully and maliciously deployed multiple, unreasonable taser electrical charges into Decedent's body, without her consent, escalating the encounter, causing Decedent to suffer severe and great bodily pain and severe emotional distress. Defendants had no legal justification for using said force.

7381338

59. Defendant Seastrom, while trespassing in Decedent's home, unlawfully and maliciously deployed multiple, unreasonable golf club strikes upon the Decedent's person, without her consent, causing her to suffer severe and great bodily pain.

60. Defendants Allen and Driver, while trespassing in Decedent's home, intentionally shot Decedent multiple times from near point black range in her torso and head, using unwarranted, unconsented, excessive and deadly force.

61. As trespassers, Defendants may not avail themselves to the privileges of self-defense.

62. Defendant City of North Vernon and Defendant Jennings County are vicariously liable for the wrongful acts of Defendant officers, because they were acting under color of law and within the course and scope of their employment as officers for said entities.

63. The conduct of Defendant officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiff to an award of exemplary and punitive damages.

64. As a direct and proximate result of Defendants' conduct as alleged above, Decedent was caused to suffer severe pain and suffering and ultimately died.

65. As a direct and proximate result of each Defendant's conduct, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. the value of necessary and reasonable funeral and burial expenses for Decedent
   b. the loss of Decedent's parental affection, support, and companionship,
   c. conscious pain and suffering, and
   d. any other damages or penalties available by law.

## COUNT VI –WRONGFUL DEATH

66. All Defendants, either directly or vicariously, owed Decedent a duty of reasonable care including, but not limited, to: refrain from unlawfully entering the curtilage and home of Decedent, refrain from using excessive force; refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used; and refrain from abusing their authority granted them by law.

67. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed Decedent.

68. All Defendants, either directly or vicariously, also created in Decedent a reasonable apprehension of immediate harmful or offensive contact to Decedent, acted with intent to bring about the apprehension of immediate harmful or offensive contact on Decedent, acted intentionally and without consent, failed to intervene to stop the immediate harmful or offensive contact, and then caused harmful and offensive contact to Decedent by tasing, bludgeoning, shooting, and killing Decedent.

69. All Defendants, either directly or vicariously, unlawfully entered and trespassed upon Decedent's curtilage and within her home without a warrant and with no exigent circumstances justifying warrantless entry.

70. The negligent and other tortious conduct described herein was done within the scope of employment of Defendants Allen, Driver, Seastrom, and Smock.

71. Defendant City of North Vernon and Defendant Jennings County are vicariously liable for the state law torts committed by Defendant officers, including their negligent conduct.

72. As a direct and proximate result of each Defendant's negligence and other tortious conduct, Plaintiff sustained the following injuries and damages, past and future, among others:

7381338

     a. the value of necessary and reasonable funeral and burial expenses for Decedent
     b. the loss of Decedent's earning capacity and probable future earnings
     c. the loss of Decendent's love, care, affection, parental affection, support, and companionship that her dependent child would have received from the continued life of the decedent,
     d. conscious pain and suffering,
     e. the cost of administering the decedent's estate and
     f. any other damages or penalties available by law.

WHEREFORE, Plaintiff, the Estate of Rachel Blake, Deceased, by its Personal Representative, Jacob Wright, requests judgment in the Estate's favor against Defendants, the City of North Vernon, North Vernon Police Department, Jennings County, Jennings County Sheriff's Office, Adam Driver, Chris Allen, Ben Seastrom, and Dylan Smock for an amount sufficient to compensate the Estate for all damages sustained as a result of Defendants' tortious conduct and constitutional violations, and for all other just and proper relief.

        Respectfully submitted,

        PARR RICHEY FRANDSEN PATTERSON
          KRUSE LLP

        Attorneys for Plaintiff


        By____*/s/ Anthony W. Patterson*_____
           Anthony W. Patterson, 17497-53
           Courtney L. Darcy, 35800-49

7381338

## **REQUEST FOR JURY TRIAL**

Plaintiffs, by counsel and pursuant to Ind. Trial Rule 38, hereby request a trial by jury in this cause.

> Respectfully submitted,
>
> PARR RICHEY FRANDSEN PATTERSON
>    KRUSE LLP
>
> Attorneys for Plaintiff
>
> By  */s/ Anthony W. Patterson*
>      Anthony W. Patterson, 17497-53
>      Courtney L. Darcy, 35800-49

Anthony W. Patterson, 17497-53
PARR RICHEY FRANDSEN PATTERSON
    KRUSE LLP
225 West Main Street
Post Office Box 668
Lebanon, Indiana  46052
Telephone:    (765) 482-0110
              (317) 269-2509
Facsimile:    (765) 483-3444
E-mail:       tpatterson@parrlaw.com

Courtney L. Darcy (35800-49)
PARR RICHEY FRANDSEN PATTERSON
    KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN  46204
Telephone:    (317) 269-2500
Facsimile:    (317) 269-2514
Email:        cdarcy@parrlaw.com

7381338